**GUO WEI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–2193–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Fuhao Yang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Carl H. McIntyre, Jr., Assistant Director, John J.W. Inkeles, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C, for Respondent.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigra-

tion Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Petitioner Guo Wei Chen, a native and citizen of the People's Republic of China, seeks review of an April 8, 2008 order of the BIA affirming the June 5, 2006 decision of Immigration Judge ("IJ") Helen Sichel denying his applications for asylum and withholding of removal. *In re Guo Wei Chen,* No. A 95 687 409 (B.I.A. Apr. 8, 2008), *aff'g* No. A 95 687 409 (Immig. Ct. N.Y. City June 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credi-

bility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination. The IJ found that Chen's demeanor indicated that he was reciting lines from a script, as opposed to testifying from actual experience. The IJ also identified inconsistencies in his testimony concerning whether he or his friend hid Falun Gong books in his bookstore and whether he was aware that the books were hidden there. Because Chen does not challenge the IJ's demeanor finding, he has waived any such challenge. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, the IJ's demeanor finding stands as a valid basis for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146–47 (2d Cir.2008).

As to the inconsistencies the IJ identified, Chen asserts that the IJ erred in rejecting his explanation. However, because that explanation would not compel a reasonable factfinder to credit it, the IJ did not err in declining to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Chen also asserts that the inconsistencies are minor. But under the REAL ID Act, which applies to Chen's asylum application, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that [the] asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167. Additionally, the IJ properly found that Chen's deficient corroboration rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d

at 167. Therefore, the IJ properly denied Chen's applications for asylum and withholding of removal where the only evidence that he would be persecuted depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.